May it please the Court, good morning, Your Honors. My name is Eric Babcock, and I represent the petitioner and appellant, Mark Bernard Rose. Mr. Rose has now been in custody pursuant to a series of civil commitments by the State of California through the Santa Clara District Attorney's Office. For more than six years, the first petition was filed in 1997. That petition was granted, and he was ordered to commence a period of two years of civil commitment on April 13, 1998. Since then, the Santa Clara District Attorney has filed three subsequent petitions, and interestingly, each of those petitions are styled on their face, a petition to extend the commitment of Mr. Rose. I submit to you that there is very much a live case of controversy here. The question, of course, before the Court is whether this action is moot, because the commitment that Mr. Rose was in custody under, the 2000 commitment, his second commitment, expired by the time shortly after Respondent filed its original brief in the district court. If we were to grant the relief that you seek, what specifically, aside from just a straight release, on what grounds would you urge us to release Mr. Rose? An order in a habeas case, a federal habeas case, I've never heard of one that actually says, release the defendant. They're typically conditional orders. In other words, they're styled on... Yes, I understand that. Either you give him a new proceeding or to correct whatever the error is, or you must release him. But maybe let me ask my question a little more clearly. The Supreme Court cases in analyzing mootness refer to whether or not there is any effective relief that the Court can order in assessing whether or not the case is moot. And my question for you is, what is it that you are challenging that we could effectively address in our habeas writ? If Mr. Rose were to prevail on any of the claims asserted in his petition, I submit to you that the State of California would have to release him. He's challenged the statutes under which he's committed on due process, equal protection, an ex post facto, as well as double jeopardy grounds. If the Court rendered a favorable ruling on any of those grounds, I think it would be res judicata. In other words, there is no question that the State of California would have to release him. Any subsequent commitment, the State would have to release him. In other words, they couldn't, they couldn't, his petition doesn't address in particular, I don't think it's not direct, the habeas isn't directed to a particular commitment. It's directed to the fact of custody. The Federal writ goes to the fact of custody. So you'd have to get around the Supreme Court decisions in Hill and in Chemna in order to prevail on your constitutional arguments, as I understand your answer. Well, I think Spencer v. Chemna, which is the Court, of course, the case they primarily rely on, is easily and remarkably distinguishable. It boils down to the fact that in Spencer v. Chemna, the petitioner was on the streets. He was out of custody. And the only thing he was challenging was a parole revocation that had sent him back to custody. For a number of years, three years, I believe. He was released. He did his time on the parole revocation and was released and hit the streets before his case was adjudicated in Federal Court. So of course, even if the Court had ruled in his favor and said, yes, the parole revocation was illegal or unconstitutional, his time was up. It wouldn't have done him any good. If this Court or the District Court gives Mr. Rose a chance, you're right. Your civil commitment pursuant to Welfare and Institutions Code, sections 6600 at SEC, is unconstitutional. Your detention is unconstitutional because those statutes are unlawful. The State would have to eventually release him, even though, at the moment, the commitment that he was being detained pursuant to has expired since he filed this petition.  The basis for saying the statute was unconstitutional? Well, his claim... Facially, it would have to be facially unconstitutional because, as applied, it is perhaps moved, isn't it? We didn't brief the merits of the underlying claims, but he's actually asserted both facial and as applied attacks. So what would be the basis for holding that it is unconstitutional? One of his claims, of course, is that, in effect, he's being punished again, although these, his commitments... For double jeopardy, or is it? That's right. Is it an offense or is it a status that the statute deals with? It's not styled. The statutes, the State statutes... If it's an offense, then you'd have a double jeopardy claim. But if it's a status, if a status of being a repeated or recidivist sex offender or something is a status, then would a judgment from this Court that was short of judgment of this Court have any effect prospectively? In other words, to keep the district attorney from just recycling him back into the institution again because of his status. They'd have to have a hearing to determine that his status fits the language of the statute. But after such a hearing, wouldn't we really be back where we are now with a statute that says, if he's found unconstitutional, he'd want out, he'd be in, and he'd want out, so he'd file another habeas? I don't think so, Your Honor. Although I'm not certain in all honesty I 100 percent understand your question, but I think... Well, I probably didn't make it very clear. If the statutes were found unconstitutional either facially or as applied to Mr. Rose, I think in either case those issues would be raised to the cotta between Mr. Rose and the State of California so that any subsequent commitment of him would have to be based on either a new statute or a revised statute. Well, that would be true if we found the statute facially unconstitutional, but maybe not on an as applied basis. It would depend on what the reason was for invalidating the application, wouldn't it? That's right. If it was an as applied ruling saying the statute's unconstitutional as applied to Mr. Rose, then it would depend on what the grounds for the subsequent commitment are. Which really gets back to the question I asked of you earlier, and I'm not sure you really answered it. But other than a constitutional attack on the statute itself, what's the particular reason that we would find it unconstitutional as applied? You mentioned double jeopardy, ex post facto, anything else? Yes, Mr. Rose has also raised due process and equal protection challenges to the statute facially. And as applied to him, he's made a claim that his particular offense, the manner in which his particular record does not fit within the definition to the statute. Is it your position that he can't be incarcerated without a new offense? No. That the statute would be unconstitutional if he were incarcerated without a new offense? Just out running around. If the court were to rule on his double jeopardy claim and say that for the sake of argument, the court granted the writ on the grounds that his double jeopardy rights were violated, then yes. Any subsequent incarceration of him would have to be based on a new offense. I thought the Supreme Court resolved that question adversely to your position. They said that this is a civil commitment and therefore the double jeopardy clause doesn't apply. This is not a criminal punishment. The Supreme Court has never passed on the constitutionality of the California scheme. No, but as I understand it, it's very similar to the Kansas statute that they did uphold. I don't know all the ins and outs, quite honestly, but there are certainly similarities from what I've read. Of course, even if your double jeopardy claim is not meritorious, that doesn't make it moot. That's right, Your Honor. I agree wholeheartedly with that statement. Somebody can rule on it. As a matter of fact, I think it's somewhat ironic to say that Mr. Rose doesn't have a live claim, that he doesn't have a personal stake in this case. With each passing year that he spends in custody, I think quite the opposite. His stake in this case only becomes greater and he has more of an interest in the outcome and having it fully and completely litigated. Counsel, how do we deal with the fact that the statute offers the possibility, although it may be remote in your client's case, that at some point he may be released and psychiatrists may examine him and conclude that he may now safely be returned to the community or a jury may find at the next two-year commitment hearing that the state has not proven its case beyond a reasonable doubt and enter a finding of not true on the petition? In that case, Your Honor, I would concede that the case would be moot and he would not be released under any circumstances. Well, that really wasn't the concession I was looking for. The question I was wrestling with was an analogy to the Supreme Court cases where they talk about the fact that for mootness purposes, we can't speculate. For example, I'm thinking of the case where the argument was, well, based on my prior conduct, they might in the future revoke my parole based on my past conduct and the Supreme Court said that's too speculative. I understand, Your Honor. The difference, if I might, is that in the Supreme Court, the way that issue comes up is in the Spencer case, for example, the client's convicted. He's released and he's still trying to challenge not the fact of conviction but a subsequent parole revocation or something of that nature. The collateral consequences, if you will. And the question is, and the difference, of course, is that my client is not out. He's still in custody. And it's not speculation at this point that he's going to remain in custody for the reasonably foreseeable future. Is it possible? What is his current status? Have they filed another petition? Interestingly, Your Honor, they've filed a fourth petition. His third petition has never actually been adjudicated on the merits. It was filed in 2002. There was initially, as I understand it, a probable cause hearing. Then there was some case law that came out and the trial court vacated its probable cause finding. In the meantime, the two years was coming up again and the Santa Clara D.A. filed a fourth petition to extend his commitment. Those cases have now been consolidated. He has two civil commitment proceedings pending as we speak. And he has probable cause hearings set in July and August this summer on those proceedings. And it's interesting, Your Honor, and this is clear from the record, if you look at the exhibits, page 1 of the appellee's excerpts, they try to make a lot of the fact that these are separate cases. These are separate proceedings. In fact, there's been one case in Santa Clara County, and there have been three subsequent petitions filed in that case. There's one case number with Mr. Rose's name on it in Santa Clara County, case number 195814. There was an original petition that was given that case number, and there have been three petitions since to extend the commitment. In theory, yes, I think in a way these are separate commitments, but in practice, the way it's being handled in Santa Clara County is there's been one continuous civil commitment proceeding against my client. And the last time that a jury looked at the underlying facts was when? His second petition, the one he's, the one that he was in custody. Can you give me a date, approximately? I actually think that he waived jury, Your Honor, but it was in 2000. I forget the precise month. So the thing that keeps him in custody apparently now is probable cause finding. Is that right? Well, if the information that was relayed to me from his public defender in Santa Clara is accurate, there was probable cause finding initially on his third, the third petition for his commitment, but then that, those findings were vacated by the judge after a Supreme Court case. There has not since, there's not since been another probable cause finding. Can't he just walk away then? Well, my question, of course, to the public defender was if his last commitment expired in 2002 and the last probable cause finding was vacated, why is he still in custody? And I don't have a good answer to that, quite honestly. I, if that's truly the state of affairs and I have to represent that this is all hearsay through discussions with his, with the trial counsel, I don't have all those documents. Well, he really didn't have an answer as to why he's still there. No. I'm told that the counties are getting quite backlogged and it's quite common actually in Santa Clara County for there to be a pending petition which has not been resolved and another petition is then filed after two years and then they're consolidated because they still haven't resolved the first petition. There's a number of those consolidated cases arising. I think one of the things that strikes me about this case is there's no real Supreme Court cases obviously having to do with mootness as to civil commitments, but the closest to me was the Vitek decision which had to do with psychiatric issues. The petitioner was incarcerated in prison and because of psychiatric issues, he was transferred to a mental facility and he challenged that. And during the time of his challenge, he was released, then his parole was revoked and he was sent back to prison. And the Supreme Court said his case isn't moot because there's still a very real chance that absent an injunction, he'll be sent back to the psychiatric facility. And I think in a way, these cases are sort of sui generis. In other words, the whole idea behind these civil commitment proceedings is that there's an underlying psychiatric issue which is not going to go away. It's not going to resolve itself absent intervention. And I think the Court's going to only see more and more of these cases challenged. The State's building, my client's been at Atascadero for most of his time, but the State's building another facility in Cobalinga, spending $40, $50 million to house another 1,500 people on these civil commitments. They only expect there to be more and more of them. There's no real realistic chance, reasonably foreseeable chance that my client's going to see the streets any time soon. Now, this is a case, isn't it, in which the judge said, well, it doesn't evade review because it gets State review, but that's good enough? That's right. Do you have any comment on that? I do, and I don't think that's the law. That's not my understanding of this Court's prior decisions or the Supreme Court's. I think my client is in calculating. He said that in the context of whether or not this case qualified under the capable of repetition yet evading review exception. He said in his written order that there's no basis for concluding that he has to have a chance to have Federal review. And that's not what the Supreme Court said in the National Bank case, as well as this Court's prior cases. The relevant tribunal for purposes of calculating the time period is the Ninth Circuit or the Supreme Court. I don't even think the District Court counts. And I would note that I emphatically think that these two-year civil commitments qualify under both prongs of that test. In other words, by the time my client appeals a commitment to the Sixth District Court of Appeal, goes to the California Supreme Court, goes to the United States District Court, and then comes to this Court, is there any realistic chance that's going to happen in less than two years? No. Is it conceivable? I suppose it's theoretically possible, but it's never going to happen. The first time he appealed, when he appealed his first civil commitment, it took the Sixth District, I think, 23 months just to resolve his direct appeal. And then he still had to go to the California Supreme Court and then the District Court. You know, there's no precise time frames in which the California Court of Appeal has to rule on direct appeals, but certainly from my experience, it's not uncommon for them to exceed a year. Counsel, thank you. We'll hear from the State now. Thank you, Your Honor. May it please the Court. First of all, I think the case, the posture of the case right now is that it comes up here as a result of the District Court's denial, I mean, agreement to dismiss the case because it's moot. And so the remedy that appellant is seeking right now is to send the case back, if he prevails, back to the District Court to determine the constitutionality of the SCP acts. But the resolution of the mootness issue really revolves around a two-part analysis. One, whether this is a live case or controversy. And secondly, if it's not a live case or controversy, whether it falls within the capable of repetition yet evading review exception. Counsel, I have to say I'm very concerned to hear that this man is being held on the basis of a factual determination that occurred in 2000 when the statute assures him that the commitment will last no longer than two years, and then he has to be the subject of a renewed petition and another jury determination that his dangerousness as a sexually violent predator continues. Now, I appreciate the fact that the trial court calendars are crowded, but I'm concerned about holding a man for four years when the statute says you can only hold him for two. Well, he's being held not based on the order that expired in 2002. I'm not sure on what authority he's being held. Well, he's being held. Do you know what the status is? I'm not sure, just based on my talking to the Department of Mental Health as well as the DA's office. He's being held pending resolution of two outstanding petitions to extend or to set his commitment to all the way to 2006. But is there an extant finding of probable cause? I'm not sure what happened in there, what process they've gone through right now. I think there was a probable cause hearing, and he was held as a result of that. But those are orders that are separate from the one that's here, and he's being held there not because of something that was done by the DA or whatever. We don't know exactly what happened below subsequent to the 2002 or the 2000 order that expired in 2002. There could have been litigation on his part that extended the whole petition going on that's going on right now. So we can't say that he's being held there as a result of what happened in the year 2000. Well, I must say, if the purpose of the Great Writ is to order the custodian to produce the body and establish by what authority the body is being held, and neither of you can tell us by what authority this person is being held, maybe this is an appropriate case for the issuance of the writ. If for no other reason than to require the State to establish the lawful basis on which this man continues to be held in custody. But he is not petitioning it based on the fact that he's being held right now on some subsequent petition. He's basing his petition on the fact of an order that expired in 2002. We don't know why he's being held subsequent to that, and that's not the issue that he's raising in the petition. You're saying that maybe it's up to him to file another writ. Oh, certainly. It's up to him to file another writ or certainly for him to produce evidence to show why he's being held. I mean, we don't know that, and we can't speculate as to that. Now, he's saying that there is a live case of controversy in this case, and in his brief he says the reason that's so is because he's only attacking the facial constitutionality of the SVP Act. And the reason that it's a live case of controversy is because if the district court decides that the SVP Act is unconstitutional, he as well as every other committee under the SVP Act would be released, regardless of what order that he's being placed under. The problem with that is that it isn't a live case of controversy because if he's only attacking the facial validity of the Act, there's nothing specific or unique about that petition as to him. And the federal district courts have repeatedly and consistently issued opinions finding valid and constitutional the SVP Act. And in fact, in our case, the judge in our case, Judge Breyer, has issued several opinions in which he has found the SVP Act to be constitutional. But if he, let's say we decide the case isn't moot and it went back down and somebody found it was unconstitutional, in a case that the State and he litigated, he certainly is entitled to the estoppel effect of that judgment. Yes, he is, but if the only reason he's saying that this case is a live case is because the SVP Act is unconstitutional, then there's nothing specific as to him that needs to be litigated because that has been already litigated thoroughly by federal courts. But the State will have an awful hard time keeping him after such a judgment, even if it's inconsistent with every other judgment that's ever been handed down about the validity of the Act. If in his case the judge says this is unconstitutional and it becomes final and goes through appeals or appeals are abandoned, it's res judicata between the two of you, the State and him. And he's going to be able, when they say, well, you're still here now, we're going to bring another act, we're going to bring another case to put you in for another two years under this very same statute, you can't do it. He'll just say, you know, I'm entitled to collateral estoppel effect. But giving the appellant the opportunity to go back and litigate this case until he finds a more sympathetic forum really goes against the whole doctrine or the reason for the mootness doctrine, and that is to save scarce judicial resources for real disputes. And that dispute, the question of whether the SVP Act is constitutional, has been cited. Well, then, then what should be done, I suppose, is to send, say the case isn't moot, send it back to district court so the district court can deny relief on the merits. But again, that goes to the whole... What you're saying is this case, he's made a claim that is defective and therefore it's moot. And that's, to me, that just doesn't seem, when you come in with a claim that isn't valid, then somebody can rule on it and say it isn't valid. But I don't think that turns it into a moot claim. Well, we're saying it's invalid because the order that he's being held under has expired. And he's saying, well, there's a live controversy because if the Act is in... I'm only attacking the facial validity of the Act. And if that Act is found unconstitutional, I'll be released. And we're saying, well, that's the only reason That issue has been decided all, you know, in the past consistently against him. That's not a mootness argument. It's an invalidity argument. But it goes to the... Well, that goes to the live case of controversy. That's what I'm trying to say, is that it's not a live case of controversy if that's the only issue that he... See, you could make the same argument if he was there on a 20-year commitment. He could come in and you could say, well, look, he's bringing a case that's, that isn't any good because we've already ruled this is a valid Act. Therefore, it's moot. But it isn't moot. No, we're not. We wouldn't say that it was moot. We're only saying it's moot because if he was already released on that 20-year commitment, yeah, I wouldn't... Well, there could be an argument made that it's moot. But in this case, he's not being held pursuant to that order. So the question is one of mootness. And we're saying it's not a live case of controversy because... How about repetition? Well, again, that goes to the fact that there have... He's saying that this is a case that is so short in duration that it's impossible for him to litigate it. But the fact of the matter is there have been cases that have been brought and federal district courts have decided those cases without dealing with the mootness question, without having a mootness problem. And in fact, I think the case that is going to be argued after this one, Hubbard v. Knapp... Well, there is a mootness issue in it, too. Well, yeah, but subsequent to it. It's moot by the time it reaches the Ninth Circuit. But that's also a case where the district court reached the merits of the case. See, if we really think it's moot and it gets appealed to this Court and we're convinced it's moot, typically we vacate the district court decision with directions to dismiss the petition as moot. So you can't really say, well, he's gotten through district court, so he's okay. If it's moot, that will get very likely gets erased. And he will not have had his opportunity to litigate the merits of his claim to a conclusion in a federal court. Well, our position on that is he has had the opportunity to litigate the validity of his case. He's litigated it in the California Court of Appeal, and the Court of Appeal rejected it. He litigated it in the California Supreme Court, and the Supreme Court rejected his argument. Now he's seeking collateral review of this case. And that doesn't mean he hasn't had a full opportunity to litigate the case. He's litigated it fully in state courts. And so to say that he's somehow now been denied the opportunity is simply not true. He says that the Supreme Court and the California Court of Appeal showed no interest in his case, but that's not true. They have reviewed the case. They have reviewed the merits of the issue. And so that's simply not a valid argument. Has any California court held that the two-year termination date is meaningless? Meaningless in? Well, that they don't have to turn him loose after two years. He's still sitting there after four years. Well, I think there are statutory provisions that provide that if at the time before he is, the term is up, the DA can file petitions. They can hold him for life by just filing a renewal petition. Well, again, it's speculative on our part to say why he's being held for all this period of time without a resolution of these new petitions. Who has the burden of explaining why he's being held? Well, I believe it's petitioners who need to do that. Because we don't know. He could be litigating different things down there. He could be doing all sorts of things that make this case, his case, longer. Not this case longer, but those are subsequent petitions that are being litigated that are not related to this. Well, I've had a little problem with the nomenclature. Now, in the old days, you had the MDSO statute. Now, does this replace that? No. You still have the MDSO. I believe so, yes. And they're sitting around in a Tascadero waiting for the head candlers to decide what's wrong with their brain. Right. And there's no time limit on those, is there, other than maybe a reasonable time. We've had some of those cases here where the psychiatrists were taking too long to get back to them with their reports and so on. But this isn't what's happening in this case. No, and there's no indication there's any fault on the part of the State, on part of the Tascadero, in terms of providing the case. I can't, you know, say that this Court should be able to speculate as to the reasons why he's being held now on subsequent petitions. We can only deal with what's going on in this case and from what he's appealing from. And that order has expired. It expired two years ago. And he's still trying to question the validity of that order when, in fact, it's expired. Is your position, then, that appellate review is satisfactory if you at least get through the full levels of State review, that you really don't also need to exhaust Federal collateral remedies? It would be my position that it does not include Federal collateral review. If, in the case, for example, where appellant cites in his brief the First National Bank versus Bilotti, that's a case where they appealed to the U.S. Supreme Court. And in our case, it's different. It's a totally collateral sort of proceeding. And we can't just ignore the fact that the State courts have reviewed those issues, those same issues. But we should also look at the fact that, you know, when we look at mootness or whether it's capable of being reviewed, we look at it from the perspective of the district court looking at it at that time and whether the district court feels that it's too short for that court to review it. That court doesn't look to see whether in the future the Ninth Circuit or the U.S. Supreme Court, whether there's enough time for those courts to review the issue. Can you explain a way those cases where the Supreme Court has said one year is too short, but maybe three or four years is adequate? I mean, one year, we can see that one year probably is too short a period of time for it to do that. But I think the Third Circuit in U.S. v. Kissinger has said that one year and three months is sufficient time. So, I mean, I think it's an individual sort of analysis. Unless the Court has any questions, I'm prepared to submit it. Thank you very much. Thank you. The case just argued is submitted, and we'll hear argument in Hubbard v. Knapp. Thank you.
judges: Goodwin, Canby, Tallman